*Brinkerhoee, J.
On the first of December, 1855, Madison. Gregory, being then the owner in fee of a farm of one hundred and sixteen acres, in Licking county, executed to his wife, Sarah Gregory,, a mortgage in due form on thirty-five acres of said farm, as her security for a loan of $800 then made by her to her husband; and the mortgage was soon afterward duly recorded. By the terms of the mortgage the loan secured by it was to be repai'd December 1,1857..
September 25, 1858, nearly ten months after said mortgage had become absolute by reason of the husband’s failure to repay to his-wife the loan secured by it, Madison Gregory, being still the owner of the farm, subject to his wife’s mortgage on thirty-five acres-thereof, joined with his wife in the execution of an absolute deed, of conveyance of the entire farm to the plaintiff, Moses Gregory. In this deed the wife joined in the operative words of conveyance; thelanguago being: “Know all men,” etc., “that we, Madison Gregory and Sarah his wife, of,” etc., “in consideration,” etc., “have sold, and by these presents, do grant, bargain, sell, and convey unto the-said Moses Gregory, his heirs and assigns forever,” etc. Then follows a description of the premises, the ordinary habendum clause, and covenants of general warranty by the husband to the grantee, and concludes with the testatum clause, in these words: “In testimony whereof, the said Madison Gregory and Sarah Gregory his wife, who hereby relinquishes her right of dower, have hereunto* set their hands and seals,” etc.*
*513 About seven months after this conveyance by Madison Gregory and wife to Moses Gregory, to wit, on the 28th of April, 1859, the latter sold the entire farm to one Samuel Dolph, and conveyed the same to him by deed in fee simple, with covenants against incumbrances and of general warranty; taking from Dolph a mortgage to secure deferred payments. Default having been made in these payments, Moses Gregory brought his action in the common pleas of Licking county to foreclose the equity of redemption and for the sale of the premises, and for the application of the proceeds of the sale to the payment of the purchase money due to him *from Dolph; and making Dolph and Madison Gregory and Sarah his wife parties defendant.
Mrs. Gregory answered, claiming, in substance, as and matter of law arising on the facts just stated, a priority and superiority of lien on the thirty-five acres, by virtue of the mortgage to her, notwithstanding the deed of herself and husband to the plaintiff; and she also filed a cross-petition against the plaintiff for relief against said deed on the ground of fraud and mistake.
On this, answer and cross-petition, the plaintiff, in reply, took ^ issue.
On the hearing of the case in the common pleas, that court ordered that the thirty-five acres covered by the mortgage to Mrs. Gregory, and the remainder of the whole farm of one hundred and sixteen acres, be sold separately; and that the proceeds of the sale of the thirty-five acres be brought into court to abide a final decree of distribution. This was done. The amount realized from the sale of the thirty-five' acres was $900. And the case having gone into the district court by appeal, that court, as it seems from the record, without passing on the questions of fact made in the pleadings of the parties as to the fraud and mistake, found and held as follows: “ That the said Madison Gregory and Sarah Gregory did execute and deliver to the said Moses Gregory, at or about the date thereof, the deed, a copy of which is attached to and made a part of the reply of the said Moses Gregory, and the court here find, as a matter of law, that said deed did not, by its proper construction, upon its face, operate to extinguish the right and title of said Sarah Gregory under and by virtue of her said mortgage made by Madison Gregory, and set forth in her answer, and also find that said mortgage is a good and valid lien, in equity, against the plaintiff, notwithstanding said deed, so made and delivered by said Madison Gregory and wife *514 to said plaintiff, and that said Sarah. Gregory is entitled, in equity, to set up the same, in this case, against said plaintiff. To which finding upon the law the plaintiff excepted, and his exception is here noted. That there is due from the said Madison Gregory to the said Sarah Gregory, upon the said note-—interest being cornputed to the first day of this term—*the sum of fourteen hundred and four dollars and forty cents, and that the proceeds of sale of said thirty-five acres ought to be applied to the payment thereof, and to be credited as so much paid upon the judgment rendered in the said court of common pleas in favor of the plaintiff against said defendant, Samuel Eolph. And the court further find, that on the payment to the said Sarah Gregory of the said sum of nine hundred dollars, the said Moses Gregory is entitled, in equity, to be subrogated in that sum to the claim of the said Sarah Gregory against the said Madison Gregory.”
The aforesaid finding of the district court, as matter of law, is assigned for error.
We are of opinion that the district court did err in finding, “ as a matter of law, that said deed” of Mrs. Gregory and husband “ did not, by its proper construction upon its face, operate to extinguish the right and title of Sarah Gregory under and by virtue of her said mortgage.”
' It is possible, as a matter of fact, that she may have been mistaken, misled, deceived, and defrauded. If so, she will have the opportunity to make it so appear on the retrial of the case. But regarding the case as presenting a question of law arising simply on the face of the deed of herself and husband, it seems to me that if it had been her actual intention to divest herself of, and to vest in Moses Gregory, all her title and interest in and to the entire farm, however such title or interest may have been derived, and whether legal or equitable, vested or inchoate, she could hardly have found more appropriate means legally to effectuate that intention than simply to join with her husband in the execution of just such a deed as this. The deed seems to have been made in strict conformity to the provisions of the statute of this state regulating the conveyance of a wife’s interest in lands, and to the authoritative decisions made under it. 3 Curwen’s Stat. 2449, and notes. She joined in the granting part of the deed, containing apt words to convey whatever title or interest she had in the entire farm, or in *515 any part thereof; and in the testatum clause she released her inchoate right of dower in the whole.
The judgment of the district court will be reversed, and the *case will be remanded to that court for another trial of the issues made, or to be made by its leave.
Scott, C. J., and Day, White, and Welch, JJ., concurred.